Gena L. Sluga, 018633
Amanda J. Taylor, 024006
Justin R. Vanderveer, 037657
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
gsluga@cdslawfirm.com
ataylor@cdslawfirm.com
jvanderveer@cdslawfirm.com

Attorneys for Houston Specialty Insurance Company

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Houston Specialty Insurance Company,<br><br>            Plaintiff,<br><br>     vs.<br><br>Leah Rekowski; K.R. (a minor); C.R (a minor); Brandy White; B.B. (a minor); N.B. (a minor); A.B. (a minor); Jason Drew; Robert Dale Fogel; Mikal Fogel; Carmelo Patino; Allied World Surplus Lines Insurance Company; Endurance American Insurance Company; Hendrickson Truck Lines, Inc.; Regional Fire & Rescue Department, Inc.; Travelers Indemnity Company; National Interstate Insurance; John Does I-X; Jane Does I-X; ABC Corporation I-X,<br><br>            Defendants. | Case No.: 2:23-cv-01187-JZB<br><br>**AMENDED COMPLAINT IN INTERPLEADER** |

Plaintiff, Houston Specialty Insurance Company ("HSIC"), by and through its undersigned attorneys, for its Complaint in Interpleader alleges as follows:

## **PARTIES**

1.      HSIC is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Texas. Houston is authorized to conduct business in the State of Arizona.

2. Defendant Allied World Surplus Lines Insurance Company ("Allied") is a corporation organized under the laws of the State of Arkansas with its principal place of business in New York. Allied is authorized to do business in the State of Arizona.

3. Defendant Endurance American Insurance Company ("Endurance") is a corporation organized under the laws of the State of Delaware with its principal place of business in New York. Endurance is authorized to do business in the State of Arizona.

4. Defendant Hendrickson Truck Lines, Inc. ("Hendrickson") is a corporation organized under the laws of the State of California, with its principal place of business in California. Hendrickson is authorized to do business in the State of Arizona.

5. Defendant Regional Fire and Rescue Department, Inc. is a non-profit organization organized under the laws of the State of Arizona with its principal place of business in Arizona.

6. Defendant Travelers Indemnity Company ("Travelers") is a corporation organized under the laws of the State of Connecticut with its principal place of business in Connecticut. Travelers is authorized to do business in the State of Arizona.

7. Defendant National Interstate Insurance Company ("National Insurance") is a corporation organized under the laws of the State of Ohio with its principal place of business in Ohio. National Insurance is authorized to do business in the State of Arizona.

8. Upon information and belief, Defendants Leah Rekowski and her minor children, K.R., and C.R. are residents of Lee County, Georgia.

9. Upon information and belief, Defendants Robert and Mikal Fogel are residents of Pima County, Arizona.

10. Upon information and belief, Defendant Jason Drew is a resident of Riverside County, California.

11. Upon information and belief, Defendant Carmelo Patino is a resident of Maricopa County, Arizona.

12. Upon information and belief, Defendant Brandy White and her minor children, B.B., N.B., and A.B. are residents of Pima County, Arizona.

## JURISDICTION AND VENUE

13. HSIC incorporates the above paragraphs as if they were fully set forth herein.

14. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1335. This action arises between citizens of different states and in which the matter in controversy (*i.e.*, the underlying Policy benefit proceeds) exceeds $75,000. In particular, HSIC is a resident of Texas and the amount of benefits to be distributed under the Policy terms is $1,000,000.

15. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the Defendants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

16. HSIC incorporates the above paragraphs as if they were fully set forth herein.

17. Eliezer Leon dba Day Night Logistics/Cosmos Express ("Cosmos Express") is a corporation organized under the laws of the State of California with its principal place of business in California.

18. HSIC issued a Commercial Lines Policy, policy number RT-HSIC-CA-0000257-00, to Cosmos Express, Inc. with an effective date of June 28, 2021 (the "Policy"), which provided business auto coverage to covered autos. Policy limits are $1,000,000 per accident. An excerpted copy of the Policy is attached hereto as Exhibit A.

19. On October 6, 2021, Renaldo Trujillo Campo was operating a covered tractor-trailer as an employee of Cosmos Express and as an insured under the Policy.

20. Mr. Campo was traveling eastbound on the I-10 freeway at approximately mile post 187 when he lost control of the vehicle, crossed the median, and struck another tractor-trailer being driven by Defendant Leah Rekowski. This action ultimately led to a multi-vehicle accident that resulted in personal injuries, fatalities, and property damage ("the Accident"). Mr. Campo died as a result of the Accident.

21. By letter dated October 22, 2021, HSIC notified its insured Cosmos Express,

through its agent Eliezer Leon, that HSIC was accepting coverage and would tender the $1,000,000 policy limits to indemnify the insureds against claims arising from the Accident. A copy of the letter is attached as Exhibit B.

22. Defendants Leah Rekowski, Carmelo Patino, Jason Drew, Robert Fogel, Mikal Fogel, Brandy White, and Ms. White's minor children, B.B., N.B., and A.B. sustained personal injuries as a result of the Accident.

23. Defendant Leah Rekowski's husband, William Rekowski, died as a result of the Accident.

24. Defendant Leah Rekowski, on behalf of herself and her children K.R. and C.R. (collectively, the "Rekowski Defendants") filed suit against HSIC's insureds, Eliezer Leon, Day Night Logistics, and Cosmos Express, and non-insured State of Arizona in the Pinal County Superior Court alleging negligence, negligence per se, and wrongful death. A copy of the Complaint is attached hereto as Exhibit C. The Court granted a motion to change the venue of that case to Maricopa County Superior Court, where it now is pending as cause no. CV2022-054009.

25. HSIC has retained counsel to defend its insureds in that case and will continue to fund that defense, even after depositing its policy limits with this court.

26. Upon information and belief, the Rekowski Defendants seek approximately $17.5 million for their combined claims against the HSIC insureds and State of Arizona.

27. Although HSIC is aware of no other lawsuits arising from the Accident, HSIC has received communications during its investigation of the Accident from other parties who have made, or intend to make, claims arising from the Accident. Upon information and belief, all Defendants have alleged an interest in the insurance payment relating to the collision.

28. Besides the Rekowski Defendants, HSIC has received notice of the following personal injury claims:

   a. Mikal Fogel; claims of bodily injury with medical expenses of $696,280.82.
   b. Robert Fogel; claims of bodily injury with medical expenses of $416,749.23.

4

  c. Brandy White and her minor children, B.B., N.B., and A. B.; claims of bodily injury and medical expenses totaling approximately $122,000.

  d. Carmelo Patino; claims of bodily injury and medical expenses of $30,502.09.

  e. Jason Drew; potential bodily injury claims with no specified damages sum.

29. HSIC has also received notice of the following property damage or other non-injury claims:

  a. Allied World Surplus Lines Insurance Company; property damage subrogation claim for $206,288.35 on behalf of Benny Whitehead, Inc. for damage to a tractor-trailer owned by Benny Whitehead, Inc.

  b. Endurance American Insurance Company; property damage subrogation claim for $84,461.90 on behalf of Benny Whitehead, Inc. for loss of cargo.

  c. Hendrickson Truck Lines; property damage claim for $91,616.00.

  d. Regional Fire & Rescue; rescue services payment claim for $19,143.75.

  e. Travelers Indemnity Company; property damage subrogation claim for $46,057.40 for damage to a vehicle owned by Giuliano-Pagano Corp. and driven by Carmelo Patino.

  f. National Interstate Insurance; workers compensation lien on behalf of Jason Drew for $76,364.80.

30. The insurer for Robert and Mikal Fogel, State Farm Mutual Automobile Insurance Company ("State Farm"), had filed suit to assert its subrogation rights arising from payment of property damage and medical payment claims it made to the Fogels. State Farm has since dismissed that action and has agreed to waive all such subrogation claims.

31. Due to the pending lawsuit and numerous claims filed, HSIC cannot determine an equitable distribution of the policy limits. The total value of claims filed exceeds applicable policy limits; by reason of the lawsuit and multiple claims, HSIC and its insureds are exposed to multiple litigations.

32. By letter dated January 27, 2023, HSIC attempted to resolve the competing claims by offering to schedule a binding mediation with all known claimants. A copy of

the mediation request is attached as Exhibit D.

33. All claimants except for the Rekowski Defendants agreed to submit their claims to a binding mediation.

34. Because not all claimants would agree to participate in the mediation, HSIC filed this action to resolve the dispute regarding allocation of the policy limits.

35. HSIC is merely a neutral stakeholder and claims no beneficial interest in the disputed funds.

36. HSIC cannot make payment of the disputed funds without assuming the responsibility of determining doubtful questions of fact and law, and without incurring the risk of being subjected to the possibility of multiple payments of the amount due.

37. HSIC is ready, willing and able to pay the policy limits in accordance with the terms of the Policy and to whomever this Court directs, in consideration for releases of the parties claims against HSIC's insureds.

38. HSIC, accordingly, will deposit into the Court the policy benefits for disbursement in accordance with the judgment of this Court or pursuant to an Order of the Court, or will pay the policy benefits to whomever this Court determines is entitled to the proceeds.

39. HSIC has investigated the claims brought by the Defendants and is not aware of any additional claimants who may have a real or potential claim against the Policy proceeds. If Defendants are aware of any additional claimants who may have a real or potential claim against the Policy proceeds, HSIC requests Defendants identify them. If additional real or potential claimants are identified in the future, HSIC will request leave to amend this Complaint to name them as parties.

40. HSIC has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between HSIC and any of the Defendants.

41. HSIC brings this Complaint in Interpleader of its own free will and in an attempt avoid multiple conflicting litigations.

42. HSIC waives its right to collect any attorneys' fees that would be payable

from the disputed funds to ensure the entire $1,000,000 remains available for the Defendants.

WHEREFORE, HSIC respectfully requests that:

(a) Defendants be ordered to answer and present their claims to the disputed funds;

(b) The Court issue an Order enjoining Defendants from bringing suit, in their own names or as assignees, against HSIC relating to the disputed funds or any portion of the Policy;

(c) HSIC be allowed to pay the disputed funds, or appropriate bond, into the registry of this Court;

(d) HSIC, after payment of the disputed funds into the registry of the Court, be discharged from any further liability arising from the dispute among the various Defendants in Interpleader;

(e) This Court determine the appropriate allocation of the disputed funds the Defendants;

(f) This Court order such other and further relief as it deems just and equitable.

/ / /

/ / /

/ / /

RESPECTFULLY SUBMITTED this 3rd day of July, 2023.

CHRISTIAN DICHTER & SLUGA, P.C.

By: /s/ *Gena L. Sluga*
Gena L. Sluga
Amanda J. Taylor
Justin R. Vanderveer
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
*Attorneys for Attorneys for Houston Specialty Insurance Company*