Jami K. White (Bar No. 035405)
**Cruz and Associates, P.C.**
1212 E. Osborn Road
Phoenix, AZ 85014
jwhite@Cruzfirm.com
Tel: 602-595-7770
Fax: 602-595-6893
*Attorney for Defendant Carmelo Patino*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Houston Specialty Insurance Company,<br><br>Plaintiff,<br><br>vs.<br><br>Leah Rekowski; K.R. (a minor); C.R. (a minor); Brandy White; B.B. (a minor); N.B. (a minor); A.B. (a minor); Jason Drew; Robert Dale Fogel; Mikal Fogel; Carmelo Patino; Allied World Surplus Lines Insurance Company; Endurance American Insurance Company; Hendrickson Truck Lines, Inc.; Regional Fire & Rescue Department, Inc.; Travelers Indemnity Company; National Interstate Insurance; John Does I-X; Jane Does I-X; ABC Corporation I-X,<br><br>Defendants. | Case No.: 2:23-cv-01187-JZB<br><br>**DEFENDANT CARMELO PATINO'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT IN INTERPLEADER** |

Defendant, Carmelo Patino ("Defendant Patino"), by and through his undersigned attorney, for his Answer to Plaintiff's Amended Complaint in Interpleader admits, denies, and alleges as follows:

## PARTIES

1. Answering Paragraph 1 of Plaintiff's Amended Complaint, Defendant Patino admits that Plaintiff Houston Specialty Insurance ("HSIC") is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Texas and is authorized to conduct business in the State of Arizona.

2. Answering Paragraph 2 of Plaintiff's Amended Complaint, Defendant Patino admits that Defendant Allied World Surplus Lines Insurance Company ("Allied") is a corporation organized under the laws of the State of Arkansas with its principal place of business in New York and that Allied is authorized to do business in the State of Arizona.

3. Answering Paragraph 3 of Plaintiff's Amended Complaint, Defendant Patino admits that Defendant Endurance American Insurance Company ("Endurance") is a corporation organized under the laws of the State of Delaware with its principal place of business in New York and that Endurance is authorized to do business in the State of Arizona

4. Answering paragraph 4 of Plaintiff's Amended Complaint, Defendant Patino admits that Defendant Hendrickson Truck Lines, Inc. ("Hendrickson") is a corporation organized under the laws of the State of California with its principal place of business and that Hendrickson is authorized to do business in the State of Arizona.

5. Answering Paragraph 5 of Plaintiff's Amended Complaint, Defendant Patino admits that Defendant Regional Fire and Rescue Department, Inc. is a non-profit organization organized under the laws of the State of Arizona with its principal place of business in Arizona.

6. Answering Paragraph 6 of Plaintiff's Amended Complaint, Defendant Patino admits that Defendant Travelers Insurance Company ("Travelers") is a corporation organized under the laws of the State of Connecticut with its principal place of business in Connecticut and that Travelers is authorized to do business in the State of Arizona.

7. Answering Paragraph 7 of Plaintiff's Amended Complaint, Defendant Patino admits that Defendant National Interstate Insurance Company ("National Insurance") is a corporation organized under the laws of the State of Ohio with its principal place of business on Ohio and that National Insurance is authorized to do business in the State of Arizona.

8. As to Paragraph 8 of Plaintiff's Amended Complaint, Defendant Patino responds that the allegations contained therein do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

9. As to Paragraph 9 of Plaintiff's Amended Complaint, Defendant Patino responds that the allegations contained therein do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

10. As to Paragraph 10 of Plaintiff's Amended Complaint, Defendant Patino responds that the allegations contained therein do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

11. Answering Paragraph 11 of Plaintiff's Amended Complaint, Defendant Patino admits that he is a resident of Maricopa County, Arizona.

12. As to Paragraph 12 of Plaintiff's Amended Complaint, Defendant Patino responds that the allegations contained therein do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

## JURISDICTION AND VENUE

13. Defendant Patino asserts that the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

14. Defendant Patino admits the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint as they relate to jurisdiction and is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 14.

15. Defendant Patino admits the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

## CAUSE OF ACTION IN INTERPLEADER

16. Defendant Patino asserts that the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

17. Responding to the allegations in Paragraph 17 of Plaintiff's Amended Complaint, Defendant Patino, upon information and belief, admits that Elizer Leon dba Day Night Logistics/Cosmos Express ("Cosmos Express") is a corporation organized under the laws of the State of California with its principal place of business in California.

18. Upon information and belief, Defendant Patino admits the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

19. Upon information and belief, Defendant Patino admits the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint.

20. Upon information and belief, Defendant Patino admits the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

21. Upon information and belief, Defendant Patino admits the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

22. Defendant Patino asserts that the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

23. Defendant Patino asserts that the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

24. Defendant Patino asserts that the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not

responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

25. Defendant Patino asserts that the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

26. Defendant Patino asserts that the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

27. Upon information and belief, Defendant Patino admits the allegations in Paragraph 27 Plaintiff's Amended Complaint.

28. Answering the allegations in Paragraph 28 of Plaintiff's Amended Complaint, Defendant Patino admits, denies, and alleges as follows:

    a. Defendant Patino asserts that the allegations contained in Paragraph 28(a) of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

    b. Defendant Patino asserts that the allegations contained in Paragraph 28(b) of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

   c. Defendant Patino asserts that the allegations contained in Paragraph 28(c) of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

   d. Defendant Patino denies the allegations contained in Paragraph 28(d) of Plaintiff's Amended complaint and affirmatively asserts Defendant Patino's claims of bodily injury and medical expenses total $34,045.55, to date.

   e. Defendant Patino asserts that the allegations contained in Paragraph 28(e) of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

29. Answering the allegations in Paragraph 28 of Plaintiff's Amended Complaint, Defendant Patino admits, denies, and alleges as follows:

   a. Defendant Patino asserts that the allegations contained in Paragraph 29(a) of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

   b. Defendant Patino asserts that the allegations contained in Paragraph 29(b) of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

c. Defendant Patino asserts that the allegations contained in Paragraph 29(c) of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

d. Defendant Patino asserts that the allegations contained in Paragraph 29(d) of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

e. Defendant Patino asserts that the allegations contained in Paragraph 29(e) of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

f. Defendant Patino asserts that the allegations contained in Paragraph 29(f) of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

30. Defendant Patino asserts that the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

31. Defendant Patino asserts that the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not

responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

32. Defendant Patino admits the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint

33. Defendant Patino admits the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

34. Upon information and belief, Defendant Patino admits the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint

35. Defendant Patino asserts that the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

36. Defendant Patino asserts that the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

37. Defendant Patino asserts that the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

38. Defendant Patino asserts that the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not

responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

39. Defendant Patino asserts that the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

40. Defendant Patino asserts that the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

41. Defendant Patino asserts that the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

42. Defendant Patino asserts that the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint do not pertain to this Defendant and are therefore not responded to. To the extent that any of these allegations could be construed against this Defendant, they are denied.

WHEREFORE, Defendant Patino respectfully requests that:

1. Defendant Patino's claims for bodily injury and medical expenses of $34,045.55 be considered in this matter.

2. Defendant Patino's costs of suit herein be considered in this matter.

3. This Court determine the appropriate allocation of the disputed funds to Defendant Patino.

4. This Court order such other and further relief as it deems just and equitable.

DATED this  14th  day of September 2023.

CRUZ AND ASSOCIATES, P.C.

/s/ Jami K. White

Jami K. White, Esq.
1212 E. Osborn Road
Phoenix, Arizona 85014
*Attorney for Defendant Carmelo Patino*