David C. Shapiro – #028056
Heather E. Bushor – #027030
**SHAPIRO LAW TEAM**
5725 N. Scottsdale Road, Ste C110
Scottsdale, Arizona 85250
Telephone: (480) 300-5405
E-Mail: david@shapirolawaz.com
E-Mail: heather@shapirolawaz.com
E-Mail: MinuteEntries@shapirolawaz.com
**Attorneys for Defendants Brandy White, B.B. (minor, N.B. (a minor), A.B. (a minor),**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Houston Specialty Insurance Company,<br><br>    Plaintiff,<br><br>vs.<br><br>Leah Rekowski; K.R. (a minor); C.R. (a minor); Brandy White; B.B. (a minor); N.B. (a minor); A,B, (a minor); Jason Drew; Robert Dale Fogel; Mikal Fogel; Carmelo Pantino, Allied World Surplus Lines Insurance Company; Endurance American Insurance Company; Hendrickson Truck Lines, Inc. Regional Fire & Rescue Department, Inc. Travelers Indemnity Company; National Interstate Insurance; John Does I-X; Jane Does I-X, ABC Corporation I-X,<br><br>    Defendants. | Case No: 2:23-cv-01187-JZB<br><br>**DEFENDANTS' BRANDY WHITE, B.B. ( a minor), N.B. (a minor) and A.B. (a minor) ANSWER TO PLAINTIFF'S AMENDED COMPLAINT IN INTERPLEADER** |

Defendants Brandy White on behalf of herself and her minor children, B.B (a minor), N.B. (a minor) and A.B. (a minor) (collectively hereafter Defendants"), through undersigned counsel, Answers the Amended Complaint for Interpleader filed by Houston Specialty Insurance Company ("Complaint"), as follows:

1. Defendants are without sufficient information to determine whether the allegations in Paragraph 1 of Plaintiff's Amended Complaint are true or false and, therefore denies same.

2. Defendants are without sufficient information to determine whether the allegations in Paragraph 2 of Plaintiff's Amended Complaint are true or false and, therefore denies same.

3. Defendants are without sufficient information to determine whether the allegations in Paragraph 3 of Plaintiff's Amended Complaint are true or false and, therefore denies same.

4. Defendants are without sufficient information to determine whether the allegations in Paragraph 4 of Plaintiff's Amended Complaint are true or false and, therefore denies same.

5. Defendants are without sufficient information to determine whether the allegations in Paragraph 5 of Plaintiff's Amended Complaint are true or false and, therefore denies same.

6. Defendants are without sufficient information to determine whether the allegations in Paragraph 6 of Plaintiff's Amended Complaint are true or false and, therefore denies same.

7. Defendants are without sufficient information to determine whether the allegations in Paragraph 7 of Plaintiff's Amended Complaint are true or false and, therefore denies same.

8. Defendants are without sufficient information to determine whether the allegations in Paragraph 8 of Plaintiff's Amended Complaint are true or false and, therefore denies same.

9. Defendants are without sufficient information to determine whether the allegations in Paragraph 9 of Plaintiff's Amended Complaint are true or false and, therefore denies same.

10. Defendants are without sufficient information to determine whether the allegations in Paragraph 10 of Plaintiff's Amended Complaint are true or false and, therefore denies same.

11. Defendants are without sufficient information to determine whether the allegations in Paragraph 11 of Plaintiff's Amended Complaint are true or false and, therefore denies same.

12. Defendants admit to the allegations in Paragraph 12 of the Amended Complaint.

**JURISDICTION AND VENUE**

13. Defendants incorporate the above paragraphs as if they were fully set forth herein.

14. Defendants allege that they are residents of Arizona and thus there is not complete diversity jurisdiction sufficient to compel jurisdiction under 28 U.S.C. §§ 1332 and 1335 and therefore Defendants deny the jurisdictional allegations in Paragraph 14 of Plaintiff's Amended Complaint are true or false and, therefore denies same.

15. Defendants allege that they are residents of Arizona and thus there is not complete diversity jurisdiction sufficient to compel jurisdiction under 28 U.S.C. §§ 1332 and 1335 and therefore Defendants deny the venue allegations in Paragraph 15 of Plaintiff's Amended Complaint.

**CAUSE OF ACTION IN INTERPLEADER**

16. Defendants incorporate the above paragraphs as if they were fully set forth herein.

17. Defendants are without sufficient information to determine whether the allegations in Paragraph 17 of Plaintiff's Amended Complaint are true or false and, therefore denies same.

18. Defendants assert that the Commercial Lines Policy speaks for itself. Defendants are without sufficient information to determine whether the remaining allegations in Paragraph 18 of Plaintiff's Amended Complaint are true or false and, therefore denies same.

19. Defendants admit the allegations in Paragraph 19 of the Amended Complaint.

20. Defendants admit the allegations in Paragraph 20 of the Amended Complaint.

21. Defendants assert that the October 2021 Letter speaks for itself. Defendants are without sufficient information to determine whether the remaining allegations in Paragraph 21 of Plaintiff's Amended Complaint are true or false and, therefore denies same.

22. Defendant admits the allegations in Paragraph 22 of the Amended Complaint.

23. Defendant admits the allegations in Paragraph 23 of the Amended Complaint.

24. Defendants assert that the Complaint in CV2022-054009 speaks for itself. Defendants are without sufficient information to determine whether the remaining allegations in Paragraph 24 of Plaintiff's Amended Complaint are true or false and, therefore denies same.

25. Defendants admit the allegations in Paragraph 25 of the Amended Complaint.

26. Defendants are without sufficient information to determine whether the allegations in Paragraph 26 of Plaintiff's Amended Complaint are true or false and, therefore denies same.

27. Defendants deny the allegations in Paragraph 25 of the Amended Complaint. Defendants filed a Complaint via TurboCourt on July 3, 2023, in the Maricopa County Superior Court, Case No. CV2023-052533.

28. Defendants are without sufficient information to determine whether all the allegations in Paragraph 28 of Plaintiff's Amended Complaint are true or false and, therefore admit Defendants submitted damage to Plaintiff. Defendants' total medical damages total

$128,087.17 and total pain and suffering for all Defendants $474,997.00. Damages collectively totaling $553,084.17. Defendants are unable to admit or deny whether the amounts presented by the other Defendants are accurate.

29. Defendants are without sufficient information to determine whether all the allegations in Paragraph 29 and subparts of Plaintiff's Amended Complaint are true or false and, therefore Defendants are unable to admit or deny the allegations in Paragraph 29.

30. Defendants are without sufficient information to determine whether all the allegations in Paragraph 30 of Plaintiff's Amended Complaint are true or false and, therefore Defendants are unable to admit or deny the allegations in Paragraph 30.

31. Defendants are without sufficient information to determine whether all the allegations in Paragraph 31 of Plaintiff's Amended Complaint are true or false and, therefore Defendants are unable to admit or deny the allegations in Paragraph 31.

32. Defendants admit the allegations in Paragraph 32 of Plaintiff's Amended Complaint.

33. Defendants admit that they had agreed to mediation. However, they have since filed suit against Plaintiff's insured and are pursuing additional damages outside the policy limits.

34. Defendants are without sufficient information to determine whether all the allegations in Paragraph 34 of Plaintiff's Amended Complaint are true or false and, therefore Defendants are unable to admit or deny the allegations in Paragraph 34.

35. Defendants are without sufficient information to determine whether all the allegations in Paragraph 35 of Plaintiff's Amended Complaint are true or false and, therefore Defendants are unable to admit or deny the allegations in Paragraph 35.

36. Defendants are without sufficient information to determine whether all the allegations in Paragraph 35 of Plaintiff's Amended Complaint are true or false and, therefore Defendants are unable to admit or deny the allegations in Paragraph 35.

37. Defendants are without sufficient information to determine whether all the allegations in Paragraph 37 of Plaintiff's Amended Complaint are true or false and, therefore Defendants are unable to admit or deny the allegations in Paragraph 37.

38. Defendants are without sufficient information to determine whether all the allegations in Paragraph 38 of Plaintiff's Amended Complaint are true or false and, therefore Defendants are unable to admit or deny the allegations in Paragraph 38.

39. Defendants are without sufficient information to determine whether all the allegations in Paragraph 39 of Plaintiff's Amended Complaint are true or false and, therefore Defendants are unable to admit or deny the allegations in Paragraph 39.

40. Defendants are without sufficient information to determine whether all the allegations in Paragraph 39 of Plaintiff's Amended Complaint are true or false and, therefore Defendants are unable to admit or deny the allegations in Paragraph 39.

41. Defendants are without sufficient information to determine whether the allegations in Paragraph 41 of Plaintiff's Amended Complaint are true or false and, therefore denies same.

42. Defendants admit the allegations of Paragraph 42 and agree Plaintiff should not be able to recover attorneys' fees and costs.

WHEREFORE, having answered Plaintiff's Amended Complaint, Defendants requests the following relief:

1. That the Court enter an order directing Plaintiff to deposit its policy limits of $1,000,000.00 into an interest-bearing account for subsequent distribution according to this Court's direction.
2. That the Court enter an order distributing the interpleaded funds in a manner sufficient to compensate Defendants.
3. That Defendants be awarded taxable costs.
4. That the Court grant Defendants any further relief that the Court may deem just and fair.

**RESPECTFULLY SUBMITTED** this 15th day of September, 2023.

**SHAPIRO LAW TEAM**

By: _____
David C. Shapiro, Esq.
Heather E. Bushor, Esq.
5725 N. Scottsdale Rd., Ste 110
Scottsdale, Arizona 85250
*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of September, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants or by mailing a copy via the U.S. Postal service:
:

**Amanda Jean Taylor**
Christian Dichter & Sluga PC
2800 N Central Ave., Ste. 860
Phoenix, AZ 85004
Email: ataylor@cdslawfirm.com
*Attorneys for Plaintiff*

**Gena LoPresto Sluga**
Christian Dichter & Sluga PC
2800 N Central Ave., Ste. 860
Phoenix, AZ 85004
Email: gsluga@cdslawfirm.com
*Attorneys for Plaintiff*

**Justin R Vanderveer**
Christian Dichter & Sluga PC
2800 N Central Ave., Ste. 860
Phoenix, AZ 85004
Email: jvanderveer@cdslawfirm.com
*Attorneys for Plaintiff*

**Jami White**
Cruz & Associates PC
1212 E Osborn Rd.
Phoenix, AZ 85014
Email: jwhite@cruzfirm.com
*Attorneys for Defendant Carmelo Patino*

**Robert Dale Fogel**
5532 Rabbit Ridge Lane
Edmond, OK 73025
PRO SE

**Mikal Fogel**
5532 Rabbit Ridge Lane
Edmond, OK 73025
PRO SE

**Regional Fire & Rescue Department Incorporated**
c/o Steven W Kerber, Fire Chief
7651 W McCartney Rd
Casa Grande, AZ 85194-7417
PRO SE