David C. Shapiro – #028056
Heather E. Bushor – #027030
**SHAPIRO LAW TEAM**
5725 N. Scottsdale Road, Ste C110
Scottsdale, Arizona 85250
Telephone: (480) 300-5405
E-Mail: david@shapirolawaz.com
E-Mail: heather@shapirolawaz.com
*Attorneys for Defendants Brandy White, B.B. (minor, N.B. (a minor), A.B. (a minor)*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Houston Specialty Insurance Company,<br><br>    Plaintiff,<br><br>vs.<br><br>Leah Rekowski; K.R. (a minor); C.R. (a minor); Brandy White; B.B. (a minor); N.B. (a minor); A.B. (a minor); Jason Drew; Robert Dale Fogel; Mikal Fogel; Carmelo Pantino, Allied World Surplus Lines Insurance Company; Endurance American Insurance Company; Hendrickson Truck Lines, Inc. Regional Fire & Rescue Department, Inc. Travelers Indemnity Company; National Interstate Insurance; John Does I-X; Jane Does I-X, ABC Corporation I-X,<br><br>    Defendants. | Case No: 2:23-cv-01187-JZB<br><br>**DEFENDANTS' BRANDY WHITE, B.B. (a minor), N.B. (a minor) and A.B. (a minor)'S REPLY TO FOGEL DEFENDANTS' RESPONSE OPPOSING MOVING DEFENDANTS' MOTION TO DISMISS** |

The White Defendants request their Motion for Default against Defendants Robert Fogel and Mikal Fogel be granted because there is no valid argument in fact or law that would allow a party with an expired claim access to the funds in this case.

**MEMORANDUM OF POINTS & AUTHORITIES**

    **I.**    **Factual Background**

On October 22, 2021, just two weeks after the crash, HCIS notified Cosmos Express, Inc. that HSIC would accept coverage and tender the $1,000,000 policy limits. Id. Joint Report Dkt 75 at 2. Counsel for Cosmo Express sent two letters to all parties requesting a global settlement of the claim, dated December 2, 2022, January 27, 2023 and April 23, 2023, attached hereto as **Exhibit 1**, **Exhibit 2** and **Exhibit 3**.

These letters went to the Fogal Defendants as listed below:

> Robert Dale Fogel
> Mikal K. Fogel
> 2335 E. Page Mill Drive
> Green Valley, AZ 85614
> (Potential BI Claim – Unrepresented)

The Fogel Defendants received actual notice of their potential claims in these letters since December 2, 2022.

In response to those two letters, not all claimants agreed to settle their claims and no pre-suit settlement was reached.  As a result, the White Defendants filed suit before the two year statute of limitations ran. Shortley afterwards, HSIC filed this interpleader action in July 2023. Id. See also Dkt. 5 Amended Complaint In Interpleader. On November 20, 2023, the Court granted Plaintiff's unopposed motion to deposit the $1,000,000 policy limits into the court registry. Dkt. 74 Order at 1. The parties do not dispute any factual allegations in this case. Dkt. 75 Joint Discovery Plan at 4.

On July 15, 2023, the Fogel Defendants were served HSIC's Amended Complaint. Dkt. 55, Status Report at 2. HSIC noted in their October 3rd status report that Defendants Mikal and Robert Dale Fogel were mailed a letter on September 24, 2023, "informing them that **if they did not file an Answer** to the Amended Interpleader Complaint **on or before October 6, 2023**, HSIC would file an Application for Entry of Default and initiate default proceedings against them." Dkt. 55 at 3. (Emphasis added). Robert Dale Fogel responded to the letter and indicated an intent to file the Fogels' answer. *Id*. However, the Fogel Defendants failed to file their answer by the October 6 Statutes of Limitations deadline from the letter dated September

24 and no answer was filed until October 10, four days after the Statute of Limitations ran. Dkt. 60, Defendant's Answer to Amended Complaint at 1.

Well after the statute of limitations passed the Fogel Defendants retained counsel and filed a complaint in Arizona State court in the County of Pinal on December 27, 2023. Dkt. 84-1 Complaint. Fogel Defendants' complaint alleges that as of October 6, 2023, the Fogel Defendants were unaware a statute of limitations may limit their claims because HSIC already filed a federal lawsuit, and that to the extent the Fogel Defendants knew of the statute of limitations, they believed it had been satisfied by HSIC's Interpleader Complaint. Dkt. 84-1 at 3-4. To reiterate, while unrepresented, the Fogel Defendants responded to HSIC's letter stating that they would be moved against for default judgment if they failed to file their answer by the October 6th deadline. Dkt. 55 at 3

**II.      Argument**

  **a.  Moving Defendants' Motion for Default Judgment is Proper.**

Rule 55 lays out the process and procedure for default and default judgment. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a). After the Clerk enters default, if the claim is not for a sum certain or can be calculated as sum certain per Fed.R.Civ.P. 55(b)(1), then "the party must apply to the court for a default judgment." Fed.R.Civ.P. 55(b)(2).

In *Twentieth Century Fox Film Corp v. Streeter*, an Arizona federal district court held that as a preliminary matter, proper service is required upon the party moved against for default judgment. *Twentieth Century Fox Film Corp v. Streeter*, 438 F.Supp.2d 1065, 1069-70 (D.Ariz 2006). Further holding that with proper service achieved, unless an exception under Rule 55(b)(2) or the Soldiers' and Sailors' Civil Relief Act of 1940 applies, there is nothing preventing the court from entering judgment by default. *Id* at 1070. After entry of default, a court may grant a default judgment of the merits, and the decision whether to enter a default

judgment is under the court's discretion. *Id*. When exercising their discretion, the court may look to the seven *Eitel* Factors, which are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id*.

Fogel Defendants argue that Moving Defendants' Motion for Default Judgment is procedurally impermissible because the Fogel Defendants have "inarguably appeared and filed their Answer in this case." Dkt. 84 at 3. The Fogel Defendants were notified via the September 24, 2023, letter from HSIC that if they did not "file an Answer on or before October 6, 2023, HSIC would file an Application for Entry of Default and initiate default proceedings against them." Dkt. 55 at 3. (emphasis added). The Fogel Defendants replied to the letter, which confirmed their knowledge of the statute of limitations and the consequence of possible default judgment against them for failure to answer. Despite this final warning of the impending statute of limitations accrual, Fogel Defendants did not file their answer until October 10, 2023, four days past the two-year statute of limitations deadline for personal injury actions in Arizona.

Here, Fogel Defendants had ample opportunity and notice to file a Complaint then later, to file an Answer to HSIC's Interpleader Complaint before the two-year statute of limitations expired. The Fogel Defendants allowed the statutory deadline to pass despite clear notice and even a reminder in the weeks immediately preceding statute of limitations expiration. Moving Defendants filed the Rule 55 motion after the statutory deadline to file a Complaint or Answer had passed and properly moved the Court to enter a default judgment against Fogel Defendants for failure to plead or otherwise defend their position in the instant case.

### b. Statute of Limitations Runs Until a Complaint or Answer is Filed and Fogel Failed Defendants to File a Complaint or Answer During the Statute of Limitations Period.

As this case was brought in federal court under diversity jurisdiction, Arizona law applies. *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 108 (1945). In an Arizona personal injury case, the statute of limitations is within two-years of the date of the injury. A.R.S. § 12-542.

Fogel Defendants filed their Answer to HSIC's Interpleader Complaint on October 10, 2023, four days past the statutory deadline. Fogel Defendants likewise did not file their Complaint in Pinal County Superior Court until December 27, 2023, eighty-two days past the statutory deadline. Considering both the Answer and Complaint were filed late by Fogel Defendants, the court should find their claim time barred by the applicable statute of limitations.

### c. An Interpleader Filed by Plaintiff Houston Specialty Insurance Company Does Not Constitute a Complaint by Fogel Defendants.

On July 3, 2023, HSIC filed an Amended Complaint in Interpleader, naming both Moving Defendant and Fogel Defendants along with other Defendants as claimants. Within the Amended Complaint in Interpleader, HSIC requested from the Court, "Defendants be ordered to answer and present their claims to the disputed funds." Dkt. 5 at 7. On September 24, 2023, HSIC then informed Regional Fire & Rescue and the Fogel Defendants who had not filed an Answer that their answer must be filed by October 6, 2023. Fogel Defendants provide no precedent in support of any assertion that HSIC filing an Interpleader Complaint on July 3, 2023, would have any effect on the statute of limitations, which was and still is October 3, 2023.

An interpleader complaint does not constitute a complaint by the Fogel Defendants, and an Answer or a Complaint filed by the Fogel Defendants was required by the statute of

1 limitations deadline. While Fogel Defendants claim they are entitled to insurance proceeds, their failure to file a claim or answer to the Interpleader Complaint within the statutory period bars them from recovery in this matter.

### d. Equitable Tolling is Not Applicable to Fogel Defendants.

In *Barrett v. Moran*, the defendant had two bundles of property at issue; $6,052 in case seized by the police, and $4,000 in property seized by the FBI. *Barrett v. Moran*, 70 F.3d 1277 (C.A.9 1995). The court held the $6,052 was resolved subject to the interpleader action and barred by *res judicata*. *Id* at 3. However, the $4,000 at issue was held to be barred by the applicable statute of limitations and equitable tolling was not available to Barrett as he did not diligently pursue his claim in the federal court. *Id* at 5.

While *Barrett* was decided under Nevada state law, under Arizona's construction of equitable tolling, Fogel Defendants should not be provided relief due to their lack of diligence in pursuing this claim prior to the expiration of the statute of limitations. In *Lee v. City of Kingman*, the Arizona federal district court laid out the doctrine of equitable tolling as:

> Equitable tolling applies when the plaintiff is excusably ignorant of the limitations period and the defendant would not be prejudiced by the late filing. Under equitable tolling, plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances. In order for the equitable tolling doctrine to apply, the plaintiff must establish that she was prevented from timely filing because of "extraordinary circumstances.

*Lee v. City of Kingman*, 124 F.Supp.3d 985, 992 (D.Ariz 2015).

Like here, the plaintiff in *Lee* failed to retain counsel within the limitations period and file their complaint. *Id*. The plaintiff argued equitable tolling should apply, as they did not retain counsel until 13 days after the limitations period and the City of Kingman would not be prejudiced. *Id*. The court noted there were no cited cases holding that "failure to retain counsel was a sufficient "extraordinary circumstance" to justify application of the equitable tolling

doctrine." *Id*. The court in *Lee* held that the issue of failure to retain counsel need not be considered as the Lees had previously retained counsel six months prior to the limitations running, but failed to file suit before the applicable limitations period ran with no explanation for their failure to file. *Id*. at 993.

When considering the doctrine of equitable tolling in a bankruptcy case the 9th Circuit Court of Appeals, held that "Equitable tolling is generally applied in situations "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *O'Donnel v. Vencor, Inc.*, 465 F.3d 1063, 1068 (C.A.9 2006). Here, the Fogel Defendants did not file a defective complaint while actively pursuing judicial remedies within the statutory period, nor have they illustrated any way they were induced or tricked by misconduct into allowing the deadline to pass, thus precluding application of equitable tolling.

Like the plaintiff in *Lee*, Fogel Defendants had ample time to file a complaint within the limitations period, and even were represented at some point before proceeding pro se. In their Answer to Amended Interpleader Complaint the Fogel Defendants state, "The delay in this matter stems from several changes in lawyers and law firms involved causing delays and confusion." Dkt. 60 at 2. Fogel Defendants have shown no evidence that would illustrate them as excusable ignorant to the statute of limitations considering they were represented at times by multiple different lawyers. Further, Moving Defendants would be prejudiced by the Fogel Defendant's untimely filing of their interpleader answer. Furthermore, the changing of lawyers causing delays and confusion does not rise to being "prevented from filing in a timely manner due to inequitable circumstances." Lastly, Fogel Defendants have failed to establish any way in which they were prevented from timely filing due to "extraordinary circumstances," precluding any justification of an application of the equitable tolling doctrine.

### III.  Conclusion

In conclusion, the Fogel Defendants failed to file a complaint or file an answer to HSIC's Interpleader Complaint within the limitations period, and the doctrine of equitable tolling offers them no relief here. Moving Defendants would be directly prejudiced by this Court allowing Fogel Defendants into the case to claim the interpleaded funds after failing to meet the statutorily required deadline to file of October 6, 2023. Accordingly, Moving Defendant requests this Court hold that the limitations period has passed, and the Fogel Defendants have no valid claim to the Interpleaded funds.

**RESPECTFULLY SUBMITTED** this 8th day of January 2024.

**SHAPIRO LAW TEAM**

By: _____
David C. Shapiro, Esq.
Heather E. Bushor, Esq.
5725 N. Scottsdale Rd., Ste 110
Scottsdale, Arizona 85250
*Attorneys for Defendants*
*Brandy White and B.B. (minor,*
*N.B. (a minor), A.B. (a minor)*
*minors*

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 8th day of January, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants or by mailing a copy via the U.S. Postal service:

**Amanda Jean Taylor**
Christian Dichter & Sluga PC
2800 N Central Ave., Ste. 860
Phoenix, AZ 85004
Email: ataylor@cdslawfirm.com
*Attorneys for Plaintiff*

**Gena LoPresto Sluga**
Christian Dichter & Sluga PC
2800 N Central Ave., Ste. 860
Phoenix, AZ 85004
Email: gsluga@cdslawfirm.com
*Attorneys for Plaintiff*

**Asha Sebastian**
Christian Dichter & Sluga PC
2800 N Central Ave., Ste. 860
Phoenix, AZ 85004
Email: asebastian@cdslawfirm.com
*Attorneys for Plaintiff*

**Ben Jemsek**
Zachar Law Firm PC
714 E Rose Ln.
Phoenix, AZ 85014
Email: bjemsek@zacharlaw.com
*Attorney for Defendant Leah Rekowski*

**Jami White**
Cruz & Associates PC
1212 E Osborn Rd.
Phoenix, AZ 85014
Email: jwhite@cruzfirm.com
*Attorneys for Defendant Carmelo Patino*

**John Patrick Torgenson**
Torgenson Law PLC
333 W Roosevelt St.
Phoenix, AZ 85003
Email: jtorgenson@torgensonlaw.com
*Attorneys for Defendant Robert Dale and Mikal Fogel*

**Kyle Hallstrom**
Torgenson Law PLC
333 W Roosevelt St.
Phoenix, AZ 85003
Email: kyle@hallstromlawfirm.com
*Attorneys for Defendant Robert Dale and Mikal Fogel*

**Regional Fire & Rescue Department Incorporated**
c/o Steven W Kerber, Fire Chief
7651 W McCartney Rd
Casa Grande, AZ 85194-7417
PRO SE

**Anoop Bhatheja**
Kelly & Lyons PLLC
5020 E Shea Blvd., Ste. 150
Scottsdale, AZ 85254
480-867-3410
Email: abhatheja@kellylyonslaw.com
*Attorney for Defendant K.R., minor C.R, minor*

**Jason Michael Kelly**
Kelly & Lyons PLLC
5020 E Shea Blvd., Ste. 150
Scottsdale, AZ 85254
480-867-3410
Email: jkelly@kellylyonslaw.com
*Attorney for Defendant K.R., minor C.R, minor*

**Richard D Lyons**
Kelly & Lyons PLLC
5020 E Shea Blvd., Ste. 150
Scottsdale, AZ 85254
480-867-3410

Email: Rlyons@kellylyonslaw.com
*Attorney for Defendant K.R., minor C.R, minor*